# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 17, 2010

Lyle W. Cayce
Clerk

No. 10-50388
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON NUNEZ-MORALES, also known as Nicolas Iciordia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-33-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ramon Nunez-Morales appeals the 57-month sentence he received following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Although he argues to the contrary, sentences within the properly-calculated guidelines range determined under U.S.S.G. § 2L1.2 are entitled to a presumption of reasonableness. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 92 (2009). Additionally, because Nunez-Morales did not object to his sentence as unreasonable in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50388

district court, we review the reasonableness of the sentence for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

First, Nunez-Morales asserts that his sentence overstated the danger he presents to the community and his risk of recidivism because § 2L1.2 "double counts" the defendant's criminal record, using it to determine his offense level and his criminal history score. A sentence calculated under § 2L1.2 is not unreasonable because the Guideline double counts the defendant's criminal history. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *Mondragon-Santiago*, 564 F.3d at 366-67; *see also* § 2L1.2, comment. (n.6) (a conviction that triggers the 16-level enhancement may be assigned criminal history points).

Next, Nunez-Morales asserts that the Guidelines produced a sentence greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because they failed to account adequately for his personal circumstances, history, and characteristics, in that he has been "mostly law-abiding and hard-working" for the past decade. He contends, relatedly, that illegal reentry is not evil in itself and essentially is an "international trespass."

A sentence resulting from the 16-level enhancement under § 2L1.2 is not unreasonable simply because illegal reentry arguably is akin to a trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The court listened to Nunez-Morales's arguments for a lower sentence and rejected them. Nunez-Morales has failed to offer a persuasive reason for this court to disturb the district court's sentence at the bottom of the applicable guidelines range. *See id.* As Nunez-Morales has failed to demonstrate any error, plain or otherwise, the judgment of the district court is AFFIRMED.